IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA C. BONEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-11-19-D |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER, SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, Ms. Linda C. Bonewell, seeks judicial review of a decision by the Social Security Administration to deny her applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI). This matter has been referred for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

**I.    Procedural Background**

Ms. Bonewell protectively filed her applications for DIB and SSI on February 22, 2008, alleging a disability onset date of March 1, 2006. Administrative Record [Doc. #15] (AR) 101-105, 106-109.[1] The Social Security Administration denied her application initially and on reconsideration. Following an administrative hearing, an Administrative Law Judge

---

[1] At the administrative hearing, Ms. Bonewell amended her onset date to January 1, 2005. AR 27; *see also* AR 12.

(ALJ) issued an unfavorable decision. AR 12-22. The Appeals Council denied Ms. Bonewell's request for review. This appeal followed.

## II. **The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. At step one, the ALJ determined that Ms. Bonewell had not engaged in substantial gainful activity since the alleged onset date as amended. AR 14. At step two, the ALJ determined that Ms. Bonewell has the following severe impairments: back pain, irritable bowel syndrome, obesity, depression and anxiety. AR 14. At step three, the ALJ found that Ms. Bonewell's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 14-15.

> The ALJ next determined Ms. Bonewell's residual functional capacity (RFC):
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1576(b) and 416.967(b) except the claimant is limited to simple, repetitive tasks and not more than incidental contact with the public.

AR 16. At step four, the ALJ determined Ms. Bonewell could not perform her past relevant work as a customer service representative, cashier, clerk or personal attendant. AR 20. At step five, the ALJ concluded that there are jobs existing in significant numbers in the national economy that Ms. Bonewell could perform. AR 21. The ALJ determined, therefore, that Ms. Bonewell is not disabled. AR 21-22.

**III.   Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**IV.   Issues Raised on Appeal**

Ms. Bonewell raises a single issue on appeal. She claims the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to properly consider and evaluate the opinion of her treating psychiatrist, Dr. Alzira Vaidya. In her Reply, Ms. Bonewell modifies her claim. Acknowledging that Dr. Vaidya did not complete

a Mental RFC Assessment prior to the issuance of the ALJ's decision, Ms. Bonewell claims the Appeals Council erred in failing to appropriately evaluate Dr. Vaidya's opinion submitted to it on Ms. Bonewell's behalf as part of the evidence for consideration.

## V.     Analysis

On May 19, 2008, Dr. Vaidya conducted a psychiatric consultation and diagnosed Ms. Bonewell with major depression, moderately severe, recurrent; and panic disorder with agoraphobic symptoms.  AR 220-222.  He assessed her GAF at 50.[2]  AR 222.  Dr. Vaidya's impression was that Ms. Bonewell was "quite depressed" and that "[h]er ability to work is moderately impaired because of chronic pain, panic attacks, depression, difficulty being around groups of people or social phobia."  *Id*.

On December 16, 2009, several weeks following the issuance of the ALJ's decision, Dr. Vaidya completed a Mental RFC Assessment.  AR 505-507.  He concluded that Ms. Bonewell is markedly limited in her ability to maintain attention and concentration for extended periods and to perform activities within a schedule, maintain regular attendance and be punctual with customary tolerances.  AR 505.  He also determined Ms. Bonewell is markedly limited in her ability to complete a normal workday and workweek without

---

[2]A global assessment of functioning (GAF) score "is a subjective determination based on a scale of 1 to 100 of the clinician's judgment of the individual's overall level of functioning." *Salazar v. Barnhart*, 468 F.3d 615, 624 n. 4 (10th Cir. 2006) (*citing* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) (DSM-IV) at 32).  The higher the GAF score, the better the individual's psychological, social, and occupational functioning is judged to be.  A GAF of 41 to 50 indicates "[s]erious symptoms" or "any serious impairment." DSM-IV at 32–34.

interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR 506.

Ms. Bonewell's counsel sent Dr. Vaidya's Mental RFC Assessment to the Appeals Council by transmittal letter dated December 28, 2009. AR 504. Ms. Bonewell's counsel also supplied additional medical records to the Appeals Council including treatment notes from Lisa Seabridge, a licensed social worker, who provided counseling services to Ms. Bonewell from February 2009 through December 2009 in conjunction with Dr. Vaidya's medication management of her psychiatric symptoms.[3]

The Order of Appeals Council, dated November 19, 2010, provides:

> The Appeals Council has received additional evidence which it is making part of the record. That evidence consists of the following exhibits:
>
> | Exhibit 22F | Treatment notes **from Lisa Seabridge, LCSW dated February 6, 2009 to December 26, 2009** |
> |---|---|
> | Exhibit 23F | Letter from Claimant's Attorney Summarizing Evidence, dated July 20, 2009 |

AR 4 (emphasis added).

---

[3]Ms. Seabridge completed a Mental RFC Assessment on June 23, 2009, prior to the ALJ's decision, with functional restrictions even more severe than those found by Dr. Vaidya. *See* AR 455-457. The Commissioner contends it was proper for the ALJ to not give any weight to her functional restrictions because she is not an acceptable medical source. The regulations state, however, that information from "non-medical sources" may be "valuable sources of evidence for assessing impairment severity and functioning." SSR 06-03p, 2006 WL 2329939 at * 3. Therefore, on remand, all evidence in the record which relates to the extent of Ms. Bonewell's functional restrictions should be considered.

As an initial matter, the Court notes the Appeals Council attached the wrong description to the respective exhibits. The record shows Exhibit 22F *not* Exhibit 23F to be the July 20, 2009, letter from claimant's counsel.  *See* AR 462-464, Exhibit 22F pp. 1-4 of 4.  *See also* Record, Court Transcript Index (description of Exhibits 22F and 23F).

Moreover, the Court notes the Appeals Council's description of Exhibit 22F is inaccurate in that it identifies only *a portion of* the evidence included as Exhibit 23F in the record.  *See* AR 469-502.

The record shows Exhibit 23F to be comprised of 47 pages and includes the following:

> (1) Transmittal letter dated December 28, 2009 from claimant's counsel to Appeals Council Branch 15 submitting records from Kanza Health Clinic - dos: 10/20/09 [pp. 2-4 of 47; AR 466-468];
>
> (2) Transmittal letter dated December 28, 2009 from claimant's counsel to Appeals Council Branch 15 submitting records from Lisa Seabridge - dos 2/12/09 to 11/19/09 [pp. 5-34 of 47; AR 469-498];
>
> (3) Transmittal letter dated December 28, 2009 from claimant's counsel to Appeals Council, Branch 15 submitting Mental RFC completed by Lisa Seabridge [pp. 35-38 of 47; AR 499-502];
>
> (4) Transmittal letter dated December 28, 2009 from claimant's counsel to Appeals Council, Branch 15 submitting Mental RFC Assessment of Dr. Vaidya [pp. 39-43 of 47; AR 503-507]; and
>
> (5) Transmittal letter dated December 28, 2009 from claimant's counsel to Appeals Council, Branch 15 submitting medical records from Edwin Fair [pp. 44-47 of 47; AR 508-511].

But, the Appeals Council's Order identifies only the treatment notes of Dr. Seabridge, *see* AR 469 - 498, and omits reference to the additional evidence submitted as part of Exhibit 23F and identified above.  *See* AR 465-468, 503-511.

On the record presented, therefore, it does not appear the Appeals Council considered Dr. Vaidya's Mental RFC Assessment, though that evidence was submitted to it by Ms. Bonewell's counsel.  The Appeals Council certainly did not identify Dr. Vaidya's Mental RFC Assessment as part of the evidence before it.  Further, it is unclear whether the Appeals Council intended to *reject* Dr. Vaidya's Mental RFC Assessment on grounds the evidence was not qualifying new evidence, *see Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (discussing 20 C.F.R. §§ 404.970(b), 416.1470(b)), or, whether the Appeals Council did not consider the evidence based on mere inadvertent oversight of the evidence.  Under these circumstances, a remand is proper.  *Compare Lamp v. Astrue*, 531 F.3d 629, 632 (8th Cir. 2008) (remand required where record was unclear as to whether Appeals Council reviewed undated letter submitted with doctor's statement; Appeals Council only expressly referenced doctor's statement in identifying evidence reviewed but record clearly showed undated letter was submitted to the Appeals Council with the doctor's statement).

If, on remand, the Mental RFC Assessment completed by Dr. Vaidya on December 16, 2009, is determined to be qualifying new evidence, the treating physician rule should be followed.  Specific findings should be provided with respect to whether Dr. Vaidya's opinion is entitled to controlling weight and, if not, the weight afforded to that opinion, with all

relevant factors addressed. *See Krauser v. Astrue*, 638 F.3d 1324, 1330-1331 (10th Cir. 2011) (discussing treating physician analysis).[4]

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72. Any such objections should be filed with the Clerk of the District Court by January  3rd , 2012. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

---

[4]In this respect, the Court notes the ALJ failed to discuss the weight given to Dr. Vaidya's opinions as set forth in his consultative examination of Ms. Bonewell on May 19, 2008. Though the Commissioner contends the ALJ incorporated these findings in the RFC, the ALJ did so without consideration of the Mental RFC Assessment performed by Dr. Vaidya after the ALJ rendered his decision. The Mental RFC Assessment includes marked limitations not reflected in the ALJ's RFC finding.

ENTERED this __13th__ day of December, 2011.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE